**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

**JOHN GORGHIS, and wife**
**KELLI GORGHIS,**

     **Plaintiffs,**

**v.**                           **No. _____**

**CITY OF KNOXVILLE, TENNESSEE,**
**Officer PRESTON TUCKER, individually and**
**in his official capacity, Officer JASON KALMENEK,**
**individually and in his official capacity,**
**Officer MATTHEW SPEISER, individually and in his**
**official capacity,**

     **Defendants.**

## COMPLAINT

Comes now the Plaintiff, John Gorghis, and his wife, by and through counsel and sues the Defendants, CITY OF KNOXVILLE, TENNESSEE, OFFICER PRESTON TUCKER in his individual and official capacity, OFFICER JASON KALMENEK, in his individual capacity and official capacity, OFFICER MATTHEW SPEISER, in his individual capacity and official capacity, pursuant to 42 U.S.C. § 1983 for the violation of the Plaintiffs' constitutional rights, and for their cause of action would show as follows:

### I.  PARTIES

1.  The Plaintiff, John Gorghis and his wife, Kelli Gorghis are citizens and residents of Knox County, Tennessee.

2.  The Defendant, City of Knoxville, Tennessee is a political subdivision of the State of Tennessee, operates and establishes policy for the Knoxville Police Department.  The Defendant, City of Knoxville is an entity subject to suit pursuant to 42 U.S.C. §1983 and

may be served through its Mayor, Indya Kincannon, City County Building, 400 Main Street, Room 691, Knoxville, Tennessee 37902.

3.  The Defendant, Preston Tucker (hereinafter referred to as "Tucker") is sued in his official and individual capacities, and at all times material to this cause of action, acting in his official capacity as a police officer for the City of Knoxville, Tennessee. Defendant Tucker may be served with process at 231 Windy Ridge Drive, Tennessee 37321.

4.  The Defendant, Jason Kalmanek (hereinafter referred to as "Kalmanek") is sued in his official and individual capacities, and at all times material to this cause of action, acting in his official capacity as a police officer for City of Knoxville, Tennessee. Defendant Kalmanek may be served with process at 6315 Kingston Pike, Apartment 608, Knoxville, Tennessee 37919.

5.  The Defendant, Matthew Speicer (hereinafter referred to as "Speicer") is sued in his official and individual capacities, and at all times material to this cause of action, acting in his official capacity as a police officer for City of Knoxville, Tennessee. Defendant Speicer may be served with process at 1507 Prairie Lane, Unit C, Seymour, Tennessee 37865.

## II.     JURISDICTION AND VENUE

6.  This Court has jurisdiction to hear this cause pursuant to 28 U.S.C. § 1331 and 28 U.S.C § 1343 as this action is predicated on the violation of the federal constitutional rights of the Plaintiff.   The Court has supplemental jurisdiction over state claims under 28 U.S.C. § 1367.     Venue is appropriate pursuant to 28 U.S.C. § 1391.

## III. FACTS

7.  That on June 13, 2019, the Defendants Tucker, Speicer, and Kalmanek responded to the Plaintiffs' residence regarding a disturbance call.

8.  That during the time the Plaintiff encountered the Defendants, Plaintiff John Gorghis was placed under arrest by Defendant Tucker.

9.  That during the arrest, Plaintiff John Gorghis had his face slammed into the floor by Plaintiff Tucker causing him injuries to his face.

10.  Defendants Tucker and in concert with Defendants Kalmanek and Speicer secured the Plaintiff John Gorghis in the rear of a Knoxville City Police unit.

11.  After Plaintiff John Gorghis was secured in the rear of the police unit, the Defendants Tucker, Speicer and Kalmanek decided that they wanted to take a photo of the Plaintiffs face ostensibly for a report.

12.  The Plaintiff John Gorghis placed his hands over his face in an effort to prevent the officers from taking his picture while he was seated in the rear of the police unit.

13.  During the time that Defendants Tucker, Speicer and Kalmanek were attempting to obtain the photo of Plaintiff John Gorghis, his hands were handcuffed in front of his torso which permitted him to shield his face.

14.  The Defendants Tucker, Speicer, and Kalmanek, acting in concert with one another, removed the Plaintiff John Gorghis from the rear of the police unit, forcing him to the ground.

15.  After the Plaintiff John Gorghis was forced to the ground, Defendant Tucker began to choke the Plaintiff, while the other Defendant officers attempted to remove the handcuffs from the front of the Plaintiff's torso to the rear.

3

16. While the Plaintiff John Gorghis was being choked by Defendant Tucker, Defendant Speicer pinched the Plaintiff's nose further obstructing his airway.

17. As the Plaintiff John Gorghis began to lose his consciousness, the Defendants removed the handcuffs form the front of the Plaintiff's torso and re-handcuffed him behind his torso.

18. When the Plaintiff John Gorghis was re-handcuffed, the handcuffs were re-applied with extreme force, and were overly tight causing the Plaintiff excruciating pain. Due to the long period of time that the handcuffs locked on the Plaintiff's wrist in this manner, the Plaintiff suffered severe, permanent and painful injuries to his arms, hands and wrists.

19. As a result of the aforementioned acts of slamming the Plaintiffs face into the floor, choking and obstructing his airway and applying handcuffs to the Plaintiff's wrists with extreme force, the Plaintiff has suffered permanent and painful injuries that were unnecessary, unreasonable and excessive.

20. All of the aforementioned acts of excessive force were perpetrated upon the Plaintiff John Gorghis in the presence of each individual Defendant and were performed in concert with the acquiescence and approval of each individual Defendant.

## IV.    CAUSES OF ACTION

21. The Defendants Tucker, Speicer, and Kalmanek violated the Plaintiff' John Gorghis' clearly established federal constitutional rights by use of excessive force against him that violates Fourth Amendment and the due process clause of the Fourteenth Amendment and violated the Plaintiff's constitutional rights by failing to intervene with one another during these acts of excessive force that was perpetrated upon the Plaintiff. Plaintiffs

4

aver that the aforementioned altercation was the proximate cause of his injuries, substantial mental anguish, pain and suffering.

22. Plaintiff avers that the Defendants Tucker is liable for common law assault against the Plaintiff for forcefully slamming his face into the floor, for choking the Plaintiff and for causing him bodily injury

23. Plaintiff avers that the Defendant Speicer is liable for common law assault against the Plaintiff for pinching the Plaintiff's nose and thereby obstructing his airway.

24. Plaintiff avers that the Defendants Tucker, Speicer and Kalmanek are liable for intentional infliction of emotional distress through their aforementioned acts of excessive force and failure to intervene and protect the Plaintiff from those acts of excessive force.

25. Plaintiff's wife, Kelli Gorghis avers that Defendants Tucker, Speicer and Kalmanek have caused Ms. Gorghis the loss of good and valuable services of her husband and makes the claim for loss consortium.

26. At all times relevant hereto Defendant City of Knoxville is responsible for the creation, establishment and enforcement of policy for the Knoxville Police Department regarding the hiring, training, performance and supervision of all Knoxville Police Department employees.

27. At all times relevant hereto Defendant City of Knoxville is additionally responsible for creating, establishing, and enforcing policy with regard to use of force. At all times relevant hereto, Defendant City of Knoxville policies, customs, practices and edicts were the driving force for the actions of the Defendants Tucker, Speicer and Kalmanek during their abuse of the Plaintiff.

**WHEREFORE PREMISES CONSIDERED,** the Plaintiffs demand judgment against the Defendants, City of Knoxville and the Defendants Tucker, Speicer and Kalmanek, individually and in their official capacities as follows:

1.  That the Plaintiffs be awarded compensatory damages in an amount to be proven at a hearing of this cause,

2.  That Plaintiffs be awarded an amount of punitive damages against the individual Defendants in an amount to proven at a hearing of this cause.

3.  That the Plaintiffs be awarded pre-judgment and post-judgment interest at the highest rate allowable by Tennessee law.

4.  That the Plaintiffs be awarded his attorney's fees and discretionary costs in this action pursuant to 42 U.S.C. § 1988.

5.  That the Plaintiff be awarded any further general relief that the Court may deem appropriate.

6.  That a jury be empaneled to hear this cause.

**Respectfully Submitted,** this 7th day of June, 2020

> BY:  **/s/ *Patrick L. Looper*_____**
> **PATRICK L. LOOPER   BPR 020857**
> **Attorney for Plaintiffs**
> First Tennessee Plaza
> 800 S. Gay Street, Suite 2000
> Knoxville, Tennessee 37929
> 865/522-3616