# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| JOHN GORGHIS and wife, ) <br> KELLI GORGHIS, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CITY OF KNOXVILLE, TENNESSEE, ) <br> Officer PRESTON TUCKER, individually ) <br> and in his official capacity, Officer JASON ) <br> KALMANEK, individually and in his ) <br> official capacity, Officer MATTHEW ) <br> SPEISER, individually and in his official ) <br> capacity, ) <br> ) <br>     Defendants. ) | Case No. 3:20-cv-00247 <br> GREER/POPLIN |

## ANSWER OF DEFENDANT CITY OF KNOXVILLE

Comes now Defendant City of Knoxville, by and through counsel, and for its Answer to the Amended Complaint would show the Court as follows:

## AFFIRMATIVE DEFENSES

Pursuant to FED R. CIV. P. 8(c), Defendants City of Knoxville submits affirmative defenses including but not limited to the following:

    1.    The Amended Complaint fails to state a claim against the Defendants upon which relief can be granted.

    2.    At all times material hereto Defendant City of Knoxville and its employees acted reasonably, properly, prudently and correctly, and in accordance with state and federal law.

3. The Plaintiffs' alleged damages, if any, were proximately caused by his own negligent or intentional acts, and thus Plaintiffs' recovery is barred or limited by the doctrine of comparative fault.

4. State law allegations against the Defendants are governed and restricted by the Tennessee Governmental Tort Liability Act, TENN. CODE ANN. § 29-20-101, *et seq*., and the Defendants have full or partial immunity from such claims pursuant to the Act. Further, claims for damages under the Act are limited.

5. Neither the individual Defendants nor the City of Knoxville violated any of Plaintiffs' constitutional rights, nor did they intentionally inflict any of the injuries or damages claimed by the Plaintiffs.

6. No policy, custom or practice of the City of Knoxville was the moving force behind the civil rights violations alleged in the Amended Complaint.

7. The City of Knoxville is not liable under the doctrine of *respondeat superior* or any other theory of imputed liability for any civil rights violations under 42 U.S.C. § 1983, nor can it be liable under *respondeat superior* or any other theory of imputed liability for any supplemental state law claims under the immunity provisions of the Tennessee Governmental Tort Liability Act, TENN. CODE ANN. §§ 29-20-205 and 29-30-310.

8. Pursuant to *City of Los Angeles v. Heller*, 475 U.S. 796, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986), City of Knoxville cannot be held liable under 42 U.S.C. § 1983 without a finding of an underlying civil rights violation by one of its employees, which violation does not exist.

9. Pursuant to 42 U.S.C. § 1988, if the Defendants prevail on any federal claims under 42 U.S.C. § 1983, then they are entitled to recover from Plaintiffs their reasonable attorney's fees and costs to defend this action.

## DEFENSES TO SPECIFIC ALLEGATIONS

1. The allegations of ¶ 1 of the Amended Complaint are admitted, upon information and belief.

2. The allegations of the first clause of ¶ 2 of the Amended Complaint are denied, in that the City of Knoxville is a municipal corporation organized and existing under the laws of the State of Tennessee and its own Charter. The remaining allegations of ¶ 3 of the Amended Complaint are admitted.

3. It is admitted that, at all times material hereto, Defendant Preston Tucker was employed as a police officer by the City of Knoxville.

4. It is admitted that, at all times material hereto, Defendant Jason Kalmanek was employed as a police officer by the City of Knoxville.

5. It is admitted that, at all times material hereto, Defendant Matthew Speiser was employed as a police officer by the City of Knoxville.

6. The allegations related to jurisdiction and venue of Plaintiffs' claims are admitted, but specifically denied that any of the Defendants are liable to the Plaintiffs under 42 U.S.C § 1983 or state law.

7. The allegations of ¶ 7 of the Amended Complaint are admitted. It is averred that in the course of responding to the domestic disturbance call at approximately ten p.m., Defendant Tucker was advised by Plaintiffs' neighbors that the Plaintiffs were actively involved in a physical and verbal altercation in which the neighbors heard Plaintiff Kelli Gorghis ("Mrs. Gorghis") yell, "let go of me, you're hurting me." It is further averred that the

neighbors advised Defendant Tucker that there had been multiple recent violent disturbances at Plaintiffs' residence.

8. The allegations of ¶ 8 of the Amended Complaint are admitted. It is averred that Defendant Tucker initially encountered Plaintiff John Gorghis ("Mr. Gorghis") in the yard outside the residence and Mr. Gorghis, upon seeing Defendant Tucker, immediately ran inside the residence. It is further averred that Defendant Tucker followed Mr. Gorghis whereupon Mr. Gorghis repeatedly slammed the back door of the residence on Defendant Tucker's arm. It is further averred that Defendant Tucker and Defendant Speiser thereafter gained entry to the residence and Mr. Gorghis resisted by forcibly pulling his body away from the officers, breaking free from their grasps, and by forcibly pulling his hands away as the officers attempted to apply handcuffs. It is further averred that Mr. Gorghis, after being handcuffed, told the officers that he had pushed Mrs. Gorghis and that Mrs. Gorghis had punched him in the face during their altercation.

9. It is admitted that during the Defendant officers' efforts to bring Mr. Gorghis under control after his assault on Officer Tucker, Mr. Gorghis, who was heavily intoxicated, belligerent, and actively resisting, was placed on the floor so that handcuffs could be applied. The allegations that Mr. Gorghis had his face "slammed" into the floor are denied. The Defendant has insufficient knowledge or information to form a belief as to the truth of the remaining allegations ¶ 9 of the Amended Complaint.

10. It is admitted that Mr. Gorghis was directed into the backseat of a City of Knoxville Police Department cruiser by Defendants Tucker and Speiser after he was handcuffed. Any remaining allegations or insinuations of ¶ 10 of the Amended Complaint are denied.

4

Case 3:20-cv-00247-JRG-DCP   Document 10   Filed 07/28/20   Page 4 of 8   PageID #: 42

11. With regard to the allegations of ¶ 11 of the Amended Complaint, it is admitted the Defendant officers attempted to take a photo of Mr. Gorghis to be included in the report of his arrest due to Mr. Gorghis's earlier resistance and due to his involvement in a domestic altercation with Mrs. Gorghis. It is further admitted that during the Defendant officers' efforts to take the photo, Mr. Gorghis refused to comply with multiple lawful orders that he keep his hands down and away from his face so that the photo could be taken.

12. The allegations of ¶ 12 of the Amended Complaint are admitted. It is further averred that during the Defendant officers' efforts to take the photo, Mr. Gorghis refused to comply with multiple lawful orders that he keep his hands down and away from his face so that the photo could be taken.

13. The allegations of ¶ 13 of the Amended Complaint are admitted. It is specifically averred that at all times relevant hereto, Plaintiff John Gorghis was being noncompliant, belligerent, and combative in response to the officers' lawful investigative efforts.

14. With regard to the allegations of ¶ 14 of the Amended Complaint, it is admitted only that Defendants Tucker and Speiser were compelled to remove Mr. Gorghis from the cruiser for the purpose of repositioning his hands behind his back after Mr. Gorghis failed to comply with multiple lawful orders directing him to keep his hands down away from his face and directing him to step out of the cruiser. It is specifically denied that Defendants Tucker's and Speiser's actions constituted excessive or unreasonable force.

15. It is admitted that the Defendants Tucker and Speiser were compelled to remove Mr. Gorghis from the cruiser for the purpose of repositioning his hands behind his back after Mr. Gorghis failed to comply with multiple lawful orders directing him to keep his

hands down away from his face and directing him to step out of the cruiser. The allegations of ¶ 15 of the Amended Complaint that Mr. Gorghis was choked during these events are specifically denied.

16. The allegations of ¶ 16 of the Amended Complaint are denied. It as averred that Defendant Speiser briefly placed his index finger below Mr. Gorghis's nose to apply infraorbital nerve pressure to Mr. Gorghis in order to maintain his compliance during the Defendant officers' efforts to reposition Mr. Gorghis's hands behind his back. It is specifically denied that Mr. Gorghis was choked and/or that his airway was obstructed by the Defendant officers during these events.

17. With regard to the allegations of ¶ 17 of the Amended Complaint, it is specifically denied that Mr. Gorghis was choked and/or that his airway was obstructed by the Defendant officers. It is admitted that, over a span of approximately forty-five seconds, Defendant Tucker removed the handcuffs, which had been positioned to the front of Mr. Gorghis, and then re-handcuffed Mr. Gorghis's hands behind his back. The Defendant has insufficient knowledge or information to form a belief as to the truth of any remaining allegations of ¶ 17 of the Amended Complaint.

18. The allegations of ¶ 18 of the Amended Complaint are denied.

19. The allegations of ¶ 19 of the Amended Complaint are denied.

20. In that the Defendant officers did not use excessive force on the Plaintiff, the allegations of ¶ 20 of the Amended Complaint are denied.

21. The allegations of ¶ 21 of the Amended Complaint are denied.

22. The allegations of ¶ 22 of the Amended Complaint are denied.

23. The allegations of ¶ 23 of the Amended Complaint are denied.

24. The allegations of ¶ 24 of the Amended Complaint are denied.

25. The allegations of ¶ 25 of the Amended Complaint are denied.

26. The allegations of ¶ 26 of the Amended Complaint are admitted.

27. The allegations of the first sentence of ¶ 27 of the Amended Complaint are admitted. The allegations of the second sentence of ¶ 27 of the Amended Complaint are denied.

28. The Defendant denies that Plaintiffs are entitled to any damages or relief.

29. All other allegations contained in the Amended Complaint not hereinabove admitted, denied, or explained are now denied as if fully and specifically set out herein.

30. The Defendant reserves the right to plead more specifically as information is obtained through the discovery process.

Now having fully answered, Defendant City of Knoxville demands judgment dismissing the Amended Complaint with costs and attorney's fees taxed to the Plaintiffs, or in the alternative for a jury to try this action.

Respectfully submitted on this the 28th day of July, 2020.

s/ Ronald E. Mills, BPR # 013348
Deputy Law Director
City of Knoxville
400 Main Avenue, Suite 699
Knoxville, TN 37902
(865) 215-2050
*Attorney for Defendant City of Knoxville*

## CERTIFICATE OF SERVICE

   I hereby certify that on the 28th day of July, 2020 a copy of the foregoing Answer was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

                 s/ Ronald E. Mills

F:\LITIGATI\CIVILRT\Gorghis, John and Kelli\Answer.doc